UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL DIXON,<br><br>           Plaintiff,<br><br>     v.<br><br>RONALD STYM,<br><br>           Defendant. | No. 2:16-cv-0043-KJM-KJN PS<br><br><br><br>ORDER |

Plaintiff Mitchell Dixon, who proceeds without counsel in this action, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1]  (ECF No. 2.)  Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915.  Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Here, plaintiff's complaint is completely unintelligible. It appears to quote from certain disjointed statutes, court rules, and case law, and refers to various legal terms and concepts without providing any factual context. Indeed, although the complaint names Ronald Stym as a defendant, it does not allege any facts whatsoever about that individual, does not specify what type of claim is asserted against him, or even why this court has subject matter jurisdiction over

1    this action. All that the court can possibly ascertain from the complaint is that plaintiff was the
2    defendant in a criminal case in the Sacramento County Superior Court, and that defendant was
3    somehow dissatisfied with some of the proceedings in that case. Because plaintiff's complaint,
4    even when liberally construed, does not plead factual allegations that allow the court to draw the
5    reasonable inference that the named defendant is liable for any misconduct, it is subject to
6    dismissal. Nevertheless, in light of plaintiff's *pro se* status, the court finds it appropriate to grant
7    plaintiff an opportunity to amend the complaint.
8        If plaintiff elects to file an amended complaint, it shall be captioned "First Amended
9    Complaint," shall be typed or written in legible handwriting, shall address the deficiencies
10   outlined in this order, and shall be filed within 28 days of this order.
11       Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order
12   to make plaintiff's first amended complaint complete. Local Rule 220 requires that an amended
13   complaint be complete in itself without reference to any prior pleading. As a general rule, an
14   amended complaint supersedes the original complaint, and once the first amended complaint is
15   filed, the original complaint no longer serves any function in the case.
16       Finally, nothing in this order requires plaintiff to file a first amended complaint. If
17   plaintiff determines that he is unable to amend his complaint in compliance with the court's order
18   at this juncture, he may alternatively file a notice of voluntary dismissal of his claims without
19   prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.
20       Accordingly, IT IS HEREBY ORDERED that:
21       1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
22       2. Plaintiff's complaint is dismissed, but with leave to amend.
23       3. Within 28 days of this order, plaintiff shall file either (a) a first amended complaint in
24          accordance with this order, or (b) a notice of voluntary dismissal of the action without
25          prejudice.
26       4. Failure to file either a first amended complaint or a notice of voluntary dismissal by
27          the required deadline may result in the imposition of sanctions, including potential
28          dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure

1 | 41(b).
2 | IT IS SO ORDERED.
3 | Dated:  March 25, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE