UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL DIXON, | No. 2:16-cv-0043-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| RONALD STYM, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

On March 25, 2016, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed plaintiff's complaint with leave to amend. (ECF No. 6.) Thereafter, on April 27, 2016, plaintiff filed a 12-page statement, which the court liberally construes as plaintiff's amended complaint. (ECF No. 7.) After carefully reviewing plaintiff's amended complaint, the court recommends that the case be DISMISSED without further leave to amend.

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

In its March 25, 2016 order dismissing plaintiff's complaint with leave to amend, the court outlined the above-mentioned law and pleading standards, and observed as follows:

> Here, plaintiff's complaint is completely unintelligible.  It appears to quote from certain disjointed statutes, court rules, and case law, and refers to various legal terms and concepts without providing any factual context.  Indeed, although the complaint names Ronald Stym as a defendant, it does not allege any facts whatsoever about that individual, does not specify what type of claim is asserted against him, or even why this court has subject matter jurisdiction over this action.  All that the court can possibly ascertain from the complaint is that plaintiff was the defendant in a criminal case in the Sacramento County Superior Court, and that defendant was somehow dissatisfied with some of the proceedings in that case.

> Because plaintiff's complaint, even when liberally construed, does not plead factual allegations that allow the court to draw the reasonable inference that the named defendant is liable for any misconduct, it is subject to dismissal. Nevertheless, in light of plaintiff's *pro se* status, the court finds it appropriate to grant plaintiff an opportunity to amend the complaint.

(Id.) Unfortunately, plaintiff's amended complaint is no less confusing than the original complaint. It again does not identify what type of claim is being asserted or why the court has subject matter jurisdiction over the action. The amended complaint also does not explain who the defendant named in the original complaint, Ronald Stym, is, and in fact does not name any defendants, now styling the case as "Mitchell Dixon vs. Et. Al." (See ECF No. 7 at 1.) At best, the amended complaint appears to be plaintiff's random and largely unintelligible stream of thoughts concerning the judicial system, the purposes of incarceration, and societal problems, without any meaningful context. Because plaintiff's amended complaint, even when liberally construed, fails to state a claim on which relief may be granted and also appears frivolous, it is subject to dismissal.

The court has carefully considered whether further leave to amend should be granted, and ultimately concludes that it is not appropriate. Plaintiff has already been provided with notice of the deficiencies of his claim and an opportunity to amend. Ordinarily, if plaintiff had made some effort to improve his pleading, or if the court were able to ascertain some potentially viable claim against an identified defendant, the court would have been inclined to permit another opportunity to amend, especially in light of plaintiff's *pro se* status. However, given the nature of both the complaint and amended complaint, the court finds that granting further leave to amend here would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed without further leave to amend
2. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of these findings and recommendations. With the exception of objections to the findings and recommendations

1 and non-frivolous motions of an emergency nature, the court will not entertain or respond to any
2 additional pleadings or motions until the findings and recommendations are resolved.
3       These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served on all parties and filed with the court within fourteen (14) days after service of the
9 objections.  The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
11 Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).
12       IT IS SO ORDERED AND RECOMMENDED.
13 Dated:  May 2, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE